# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FENTON MICHAEL TORREZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MARGARET MIMS, et al.,<br><br>　　　　Defendants. | 1:12-cv-00691-BAM (PC)<br><br>ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1.) |

## I.   Screening Requirement and Standard

Plaintiff Fenton Michael Torrez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971).[1] Plaintiff's complaint, filed on May 1, 2012, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Plaintiff asserts claims against both a state official and a federal agency.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir.1991). Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. See Bivens, 403 U.S. at 397. To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at F.C.I. Terminal Island. The events complained about allegedly occurred while Plaintiff was housed at the Fresno County Jail in Fresno, California. Plaintiff names Fresno County Sheriff Margaret Mims and the United States Marshal's Office as defendants.

///

Plaintiff alleges as follows:

Plaintiff was an Ad-Seg inmate that should be placed only with his cellmate, Elio Eddie Ortiz, Jr. However, on January 20, 2012, control room officers placed Plaintiff in an elevator with an active Bulldog gang member in violation of Fresno County Jail and Ad-Seg policies and procedures.

On January 24, 2012, Plaintiff submitted a Fresno County Jail grievance form regarding the elevator placement, but it was not answered. After two months passed, Plaintiff asked correctional officer Brody to check on his grievance. Officer Brody returned to Plaintiff and informed him that the grievance had not been found, processed or scanned. Officer Brody asked Plaintiff for his copy of the grievance and he forwarded it to her on March 24, 2012. As of April 25, 2012, Plaintiff had not received an answer to his grievance. Plaintiff complains that this violated his due process rights.

Plaintiff also complains that he experienced increased cell searches and rude comments from other officers since submitting his grievance of officer misconduct. Plaintiff also complains that his safety and security was at risk in the Fresno County Jail because on April 15, 2012, his cell door was accidently opened by Correctional Officer Ly. Plaintiff wanted to submit a grievance about the incident, but was afraid and hesitant.

On February 17, 2012, Plaintiff told a United States Deputy Marshal about events at the Fresno County Jail while he was awaiting trial in federal court. The United States Deputy Marshal said it was not their problem and to go through Fresno County Sheriff Margaret Mims. Plaintiff was surprised because the judge said he was under the care and custody of the United States Marshal, not the Fresno County Jail.

Plaintiff alleges that he was a witness to another popped door incident that involved other inmates. He claims that the officer who popped the door on accident was mad at Plaintiff for being a witness and made Plaintiff lock his door while he was working.

Plaintiff further alleges that on April 15, 2012, an officer accidently unlocked his door. Correctional Officer Ly ordered him to lock the door and Plaintiff complied.

///

### III. Discussion

#### A. Sovereign Immunity

To the extent that Plaintiff seeks to bring suit against the United States Marshals' Office, he may not do so. A Bivens claim can only be maintained against officials acting under color of federal law in their individual capacities. FDIC v. Meyer, 510 U.S. 471, 486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (federal agencies are not proper defendants in a Bivens action). Sovereign immunity prevents a Bivens action against the United States, its agencies, or employees in their official capacities. Arnsberg v. United States, 757 F.2d 971, 980 (9th Cir. 1984). Thus, Plaintiff cannot bring a Bivens action against the United States Marshals' Office, which is an agency of the Federal Government. Myers v. United States Marshals Serv., 2011 WL 671998, at *2 (S.D. Cal. Feb. 15, 2011) (dismissing United States Marshals Service from Bivens action).

#### B. Supervisory Liability

To the extent that Plaintiff is attempting to bring suit against Defendant Mims and the United States Marshal under a theory of supervisory liability, he may not do so. Government officials may not be held liable under section 1983 or Bivens for the conduct of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1948-49. Rather, each government official is liable only for his or her misconduct. Id. at 677.

#### C. Grievance Procedure

To the extent that Plaintiff seeks to bring a claim regarding the processing of his administrative grievance, he may not do so. "There is no legitimate claim of entitlement to a [jail] grievance procedure." Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988). Jail officials are not required to process inmate grievances in a specific way or to respond to them in a favorable manner. See Buenafe v. Falle, 2013 WL 4655750, at *3 (E.D. Cal. Aug. 29, 2013).

#### D. First Amendment - Retaliation

Within the context of a jail or prison, a viable claim of First Amendment retaliation consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a

legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

A plaintiff suing for retaliation must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994). The plaintiff does not need to show actual inhibited or suppressed speech, but that there was a chilling effect upon his speech. Rhodes, 408 F.3d at 569. The burden is on the plaintiff to plead and prove the absence of any legitimate correctional goals for the alleged conduct. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

Plaintiff fails to allege a cognizable retaliation claim against defendants. As noted above, Plaintiff cannot bring a claim against the United States Marshals' Office and he cannot bring a claim against Defendant Mims for the purported actions of her subordinates.

### IV. Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim upon which relief may be granted under section 1983 or Bivens. It does not appear that Plaintiff can cure the deficiencies identified by the Court and therefore leave to amend shall not be granted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Accordingly, this action is DISMISSED, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **September 12, 2013**        /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE